UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOEY D. RHULE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-CV-00525-JRG-DCP |
| | ) |
| TONY PARKER *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Plaintiff, a prisoner currently incarcerated in Morgan County Correctional Complex ("MCCX"), has filed a pro se amended complaint for violation of U.S.C. § 1983 [Doc. 5] and an affidavit in support thereof [Doc. 6] that are now before the Court. For the reasons set forth below, Plaintiff's claims against all MCCX and Bledsoe County Correctional Complex ("BCCX") Defendants will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983, and the remainder of this action will be **TRANSFERRED** to the United States District Court for the Middle District of Tennessee.

### I. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. PROCEDURAL BACKGROUND

On January 4, 2021, the Court entered an order summarizing Plaintiff's original complaint and finding that it failed to state a claim upon which relief may be granted under § 1983, as filed [Doc. 4 at 3–4]. The Court nevertheless allowed Plaintiff to file an amended complaint with "a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible" [*Id.* at 4]. In response to this order, Plaintiff filed a complaint form with a first page stating that it was "amended" and a last page setting forth new requests for relief [Doc. 5 at 1, 4]. However, the amended complaint form sets forth no new factual allegations in the section labelled "Statement of Claim," but rather directs the Court to "see" the attached affidavit and includes Plaintiff's previous complaint as an attachment [*Id.* at 6–13; Doc. 6[1]].

---

[1] It appears that the Clerk inadvertently filed the last page of Plaintiff's affidavit [Doc. 6] as part of his amended complaint [Doc. 5 at 13]. Accordingly, the Clerk will be **DIRECTED** to correct this docket entry by adding that page [*Id.*] to Plaintiff's affidavit [Doc. 6] and filing it as a new docket entry.

2

## III. ALLEGATIONS

The Court previously summarized Plaintiff's complaint as follows:

Plaintiff alleges that on December 4, 2019, which was two days after he was incarcerated in the TDOC, he had retina reattachment surgery [Doc. 2 at 3–4]. At his follow up appointment after that surgery, his doctor set up another appointment for Plaintiff to have oil removed from his eyeball at a Nashville clinic in January 20[20][2] [*Id.* at 4].

Plaintiff was incarcerated in the Bledsoe County Correctional Complex ["BCCX"] during these events [*Id.* at 4]. However, in early January, Plaintiff was transferred to the TDOC Special Needs Facility, and then to the Trousdale Turner Correctional Center ("TTCC"), and no one took him for his January eye appointment [*Id.*]. While he was in TTCC, Plaintiff filed a grievance, presumably about this surgery, but it was never returned [*Id.*]. On July 13, 2020, Plaintiff was taken to Morgan County Correctional Complex ("MCCX") and he has been there ever since, but he still has not had the oil removed from his eye [Id.]. Further, TDOC does not have an eye physician at this time due to COVID-19 [*Id.*]. Plaintiff has now become blind in his right eye due to not having the eye oil removal surgery [*Id.*].

Plaintiff has sued a number of TDOC doctors, officials, and wardens [*Id.* at 6–7]. As relief, Plaintiff seeks compensation, payment of court costs and future medical or legal bills, and immediate release to have the eye surgery [*Id.* at 5].

[Doc. 4 at 3]. As set forth above, in his amended complaint, Plaintiff resubmitted this same statement of facts [Doc. 5 at 8–9] and directed the Court to "see" the affidavit he filed therewith [*Id.* at 3; Doc. 6].

In the affidavit he filed in support of his amended complaint, Plaintiff again sets forth substantially the same facts summarized above before generally alleging that (1) all individual Defendants "refused, delayed[,] and/or interfered with follow-up treatment to correct Plaintiff's medical condition"; (2) that this deprivation of his constitutional rights, including the failure to refer him to a specialist, was "based on unwritten and written customs and policies [of] providing less than adequate medical care in order to save money"; (3) "Defendants['] acts and omissions" are "evidence [of] deliberate indifference" as they knew "Plaintiff faced a substantial risk of

---

[2] While the Court stated in its original order that this appointment was in January 2019 [Doc. 4 at 3], it is apparent from Plaintiff's complaint that it was actually January 2020 [Doc. 2 at 3].

3

serious harm and disregarded that risk"; (4) Defendants "prescribed alternate [sic] treatment to correct Plaintiff's medical condition which to infer [sic] substantial risks to Plaintiff [] [even though] without surgery or follow up treatment, Plaintiff was at high risk of suffering and increase[d] damage to eye"; and (5) the "individual Defendants . . . are aware of Plaintiff's medical condition but fail to provide proper medical treatment" [Doc. 6 at 3–4]. Plaintiff cites his medical and incarceration records, which he states he needs the Court to order, as support for these allegations [*Id.*].

## IV. ANALYSIS

Neither Plaintiff's amended complaint [Doc. 5] nor his affidavit [Doc. 6] set forth any facts from which the Court can plausibly infer that any Defendants from MCCX and/or BCCX, which are the only Defendants within this Court's jurisdiction, were personally involved in any violation of Plaintiff's constitutional rights such that they may be liable for the allegations of the complaint or affidavit under § 1983. *Iqbal*, 556 U.S. at 681 (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

Specifically, Plaintiff's only allegations regarding BCCX officials are that while he was incarcerated in BCCX, he received surgery for his detached retina and officials scheduled an appointment for removal of oil from his eye in January 2020 [Doc. 5 at 9]. As to MCCX officials, Plaintiff alleges only that he has been in MCCX since July of 2020 and still has not made "any

4

progress" towards getting the oil removed from his eye [*Id.*]. However, Plaintiff does not set forth any factual allegation from which the Court can plausibly infer that MCCX jail official Defendants denied his requests to receive medical care and/or otherwise have been deliberately indifferent to his serious medical needs [*Id.*; Doc. 6].[3] Thus, all MCCX and BCCX officials will be **DISMISSED** from this action, as the amended complaint and supporting affidavit fail to state a claim upon which relief may be granted under § 1983 as to them.

The closest that Plaintiff gets to alleging that a jail official violated his constitutional rights is his allegation that after he was transferred from BCCX and while he was in the Special Needs Facility or TTCC, both of which are located in the Middle District of Tennessee, unspecified jail officials refused to take him to the appointment for removal of oil from his eye that jail officials scheduled while he was in BCCX [Doc. 5 at 9]. The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

---

[3] The Court emphasizes that Plaintiff failed to provide any such factual allegations regarding BCCX and MCCX officials despite the Court notifying him that his amended complaint should contain "a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible" [Doc. 4 at 4], and notes that prisoner plaintiffs routinely file complaints setting forth such claims without first obtaining medical and/or incarceration records, which Plaintiff requests that the Court order.

5

As the Court will dismiss all claims against BCCX and MCCX officials in Plaintiff's complaint as set forth above, the only remaining event underlying Plaintiff's complaint occurred either in TTCC, which is Trousdale County, or the Lois M. DeBerry Special Needs facility, which is in Davidson County. As both of these facilities are within the Nashville Division of the United States District Court for the Middle District of Tennessee, *see* 28 U.S.C. § 123(b)(1), this is the proper venue for the remainder of this case. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties). Accordingly, the Court will transfer the remainder of this action to this District for screening of the remainder of the complaint pursuant to the PLRA.

## V. CONCLUSION

For the reasons set forth above:

1. The Clerk will be **DIRECTED** to correct the docket entry for Plaintiff's affidavit in support of his amended complaint [Doc. 6] by adding the last page of the docket entry for Plaintiff's complaint [Doc. 5 at 13] to Plaintiff's affidavit [Doc. 6] and filing it as a new docket entry;

2. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any BCCX and/or MCCX officials;

3. Accordingly, all BCCX and/or MCCX officials will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

4. The Clerk will be **DIRECTED** to transfer the remainder of this action to the Nashville Division of United States District Court for the Middle District of Tennessee and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

ENTER:

                                                 s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE