UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JOEY D. RHULE #00595477, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 3:21-cv-00067 |
| TONY PARKER, *et al.*, | ) ) ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

In this action that was transferred from the Eastern District of Tennessee, Centurion of Tennessee, LLC, one of several remaining Defendants, has filed a Supplemental Motion to Dismiss. (Doc. No. 72). In the controlling Second Amended Complaint (Doc. No. 25), Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs while he was incarcerated in the Tennessee Department of Corrections.[1] Centurion raises five grounds for dismissal, none of which are persuasive.

**FIRST,** Centurion argues that "Plaintiff's claims against [it] must be dismissed because the facts alleged against Centurion occurred in the Eastern District of Tennessee, making the Middle District of Tennessee an improper venue and dismissal proper under Rule 12(b)(3) of the Federal Rules of Civil Procedure." (Doc. No. 73 at 4). This argument, however, neglects to consider that there are other Defendants, all of whom are located in the Middle District of Tennessee, and some of the events occurred in this district. Venue is clearly proper under the general venue statute:

---

[1] The factual allegations underlying Plaintiffs deliberate indifference claims are set out in detail in a prior Memorandum Opinion of this Court. (Doc. No. 17 at 1-6). Given the various grounds on which Centurion seeks dismissal (most of which are procedural), it is unnecessary to repeat those allegations here. Instead, the Court will identify the factual allegations only where necessary to address the parties' arguments.

> (b) Venue in general. A civil action may be brought in–
>
> (1) *a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located*;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391 (emphasis added).

After Plaintiff pointed out this statute in its response, Centurion replied by stating that what it was really getting at was that "the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience or parties under 28 U.S.C. § 1404(a), which is "a codification of *forum non conveniens*."" (Doc. No. 77 at 2) (citation omitted). Centurion cites Webster v. Core Civic, No. 3:22-CV-00398, 2022 WL 3009110, at *1 (M.D. Tenn. July 28, 2022) for this proposition and claims that this case is "similar to the situation" presented there. (Id.).

However, "each *forum non conveniens* case 'turns on its facts,'" and "the defendant carries the burden of establishing an adequate alternative forum and showing that the plaintiff's chosen forum is unnecessarily burdensome based on public and private interests." Hefferan v. Ethicon Endo-Surgery Inc., 828 F.3d 488, 493 (6th Cir. 2016). Simply because Centurion recently relocated its principal office from Nashville to Knoxville (after the events giving rise to this lawsuit occurred) is not enough for this Court to exercise its "broad discretion," Webster, 2022 WL 3009110, at *2, and retransfer this case back to the Eastern District.

**SECOND,** Centurion argues that Plaintiffs' claims must be dismissed because he "has failed

to exhaust his administrative remedies against Centurion, as required by 42 U.S.C. § 1997e(a)." (Doc. No. 73 at 5). Centurion asserts that the Second Amended Complaint only mentions a grievance against a Sergeant Trout at the Morgan County Correctional Center ("MCCX"), but "[t]here is no allegation that a grievance was filed against Centurion for any policy or custom that was depriving him of medical care." (Id. at 6). Centurion acknowledges that "Plaintiff is not required to allege that he has complied with the exhaustion of administrative remedies," but nevertheless argues, pursuant to Jones v. Bock, 549 U.S. 199 (2007), that "the exhaustion requirement is an affirmative defense that, if shown on the face of the complaint to be deficient, is a basis for dismissal." (Id. at 6-7). According to Centurion, dismissal is warranted because "Plaintiff has failed to establish on the face of any of the complaints in this case that the Plaintiff filed a grievance specifically against Centurion[.]" (Id. at 7).

Centurion's argument completely ignores the core holding in Bock: "We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216; see Lamb v. Kendrick, 52 F.4th 286, 292 (6th Cir. 2022) (noting, pursuant to Bock that failure to exhaust is an affirmative defense "that the defendants have the burden to plead and prove by a preponderance of the evidence"); Surles v. Andison, 678 F.3d 452, 455 (6th Cir. 2012) (noting that failure to exhaust "must be established by the defendants" and they "b[ear] the burden of proof"). No more need be said.

**THIRD,** Centurion argues that Plaintiff's claims are barred by the statute of limitations. It correctly notes that a one-year limitation applies to Section 1983 claims in Tennessee and that the continuing violation doctrine generally does not apply in deliberate indifference cases because

3

discrete acts are involved. Bruce v. Corr. Med. Servs., Inc., 389 F. App'x 462, 466 (6th Cir.2010); see also Dearing v. Mahalma, No. 1:11-CV-204, 2011 WL 3739029, at *5 (S.D. Ohio Aug. 24, 2011) (collecting cases and noting "the Sixth Circuit's general disapproval of applying the continuing-violations doctrine in civil rights cases"). What may apply, however, is tolling because "[t]he statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies." Surles, 678 F.3d at 458. This issue is better addressed on summary judgment, just as it was in Surles. Furthermore, while Centurion was not named as a Defendant until the Second Amended Complaint, this was in keeping with the Court's Order allowing appointed counsel to file an Amended Complaint (Doc. No. 18), with the deadline subsequently extended (Doc. No. 22) because of the difficulties counsel had in communicating with their incarcerated client.

**FOURTH,** Centurion argues that the Amended Complaint is subject to dismissal because Plaintiff's actual claims sound in healthcare fraud and he did not comply with the Tennessee Code (Tenn. Code Ann. §§ 29-26-121, 122) governing medical claims against healthcare providers. It even goes so far as to argue in its reply brief that "Plaintiff has failed to state a claim upon which relief can be granted for deliberate indifference because he received medical treatment and assessments, but merely disagreed with them, and even had a documented refusal of care at point." (Doc. No. 77 at 5).

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. To prevail, a plaintiff must show (1) that there was the deprivation of a right secured by the Constitution and (2)

4

Case 3:21-cv-00067 Document 81 Filed 12/02/22 Page 4 of 6 PageID #: 481

that the deprivation was caused by a person acting under color of state law. Whittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). Liability can attach to healthcare providers who, though not formally employed by the state, serve prison populations pursuant to contract. West v. Atkins, 487 U.S. 42, 54-57 (1988).

"[T]he Supreme Court has held that, under the Eighth Amendment's proscription on cruel and unusual punishment, prisoners have a constitutional right to medical care" and this "right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). Plaintiff has made such allegations here. He claims that, while incarcerated, he had serious problems with one of his eyes, with the retina detaching on two occasions. He also claims that he has undergone two surgeries and an additional one is needed. The five claims he brings are all for the deliberate indifference to a serious medical need, with each count corresponding to a different Defendant or set of Defendants.

As for Centurion, Plaintiff specifically alleges that it "provided healthcare services at MCCX during the relevant time that [Plaintiff] was incarcerated there"; that "Lindey Burge (who on information and belief is a Centurion employee)" told him that he "could get his eye surgery 'once he was released'"; that "Centurion had no intention of providing [Plaintiff] the medical care he needed so long as he remained incarcerated"; that he "could seek out care on his own dime"; that he "repeatedly sought medical care for the detached retina in his right eye and was repeatedly denied this care by Centurion"; and that "Centurion has a policy or custom of not providing necessary medical care to prisoners who are expected to soon be released." (Doc. No. 25, Second Amended Complaint ¶¶ 74, 110, 111). Nowhere, however, does Plaintiff attempt to state a claim for medical

5

malpractice or negligence against Centurion for which compliance with the Tennessee Health Care Liability Act ("THCLA") would be required. See Whitworth v. CoreCivic, Inc., No. 3:17-CV-01121, 2019 WL 1427934, at *8 (M.D. Tenn. Mar. 29, 2019) ("[C]ourts in this district have held that the THCLA "is wholly inapplicable" to Section 1983 claims for deliberate indifference to serious medical needs under the Eighth Amendment."); Pruitt v. McConnell, No. 3:13-01003, 2015 WL 632142, at *1 (M.D. Tenn. Feb. 13, 2015) (holding that because claim was brought under Section 1983 for deliberate indifference, the THCLA did not apply).

It may be that Centurion will be able to prevail on one or more of its arguments at summary judgment. For now, however, the Second Amended Complaint contains sufficient factual allegations to state a plausible claim for deliberate indifference to a serious need against Centurion, and Centurion has not established that jurisdiction in this Court is improper.

Accordingly, Centurion's Supplemental Motion to Dismiss (Doc. No. 72) is hereby **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE